## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**WALTER CORNELIUS LEWIS,**                                  **PLAINTIFF**
**# 409044**

**v.**                                         **CAUSE NO. 1:17CV274-LG-RHW**

**HARRISON COUNTY JAIL**                                      **DEFENDANT**

### ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court *sua sponte*.   *Pro se* Plaintiff Walter Cornelius Lewis initiated this action on September 29, 2017.   At the time, he was incarcerated at the Harrison County Adult Detention Center.

On October 2, 2017, the Court sent Lewis notice of the Prison Litigation Reform Act, an Acknowledgment of Receipt and Certification, and a form Notice of Voluntary Dismissal.   The Court ordered him to sign and file either the Acknowledgment or voluntary dismissal by November 1.   Having received no response, on November 15, the Court entered the Order to Show Cause [5], ordering Lewis to show cause, by November 29, why this case should not be dismissed for failure to obey the Court's prior Order [3].   When Lewis still did not comply, the Court then entered the Second Order to Show Cause [7], on December 13, giving him one last chance to comply.

All Orders [3, 5, 7] were mailed to Lewis's address of record but were returned as undeliverable.   The envelopes on the returned Orders to show Cause were marked "RTS.   Released."   (Dkt. 8 at 1); (Dkt. 6 at 1).   To date he has not

responded, provided a change of address, or otherwise contacted the Court. The Court has warned Lewis that failure to comply, including keeping the Court apprised of his address, may result in this case being dismissed. (2d Order to Show Cause [7] at 1); (Order to Show Cause [5] at 1); (Order [3] at 2). It is apparent from Lewis's failure to comply or otherwise communicate with the Court that he lacks interest in pursuing this claim.

The Court has the authority to dismiss an action for the plaintiff's failure to prosecute or to obey a Court order under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action *sua sponte*. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id.* at 629-30. Since Defendant has never been called upon to respond to the Complaint nor appeared in this action, and since the Court has not considered the merits of the claims, the case is dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this case should be and is hereby **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and obey the Court's Orders. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 10th day of January, 2018.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE